## JOHN DIXON v. THE STATE.

### No. 1012. Decided April 5, 1911.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon trial for burglary, defendant was caught almost in the very act of burglary and in possession of the alleged stolen goods, and the evidence showed a breaking of the alleged house, the conviction was sustained.

**2.—Same—Motion for New Trial—Charge as a Whole.**

Where the motion for new trial did not show wherein the charge of the court was erroneous, and the charge was correct on its face, and taken in connection with other portions of the charge, there was no error.

**3.—Charge of Court—Recent Possession.**

Where, upon trial of burglary, the facts did not call for a charge on the subject of possession of recently stolen property, there was no error in the court's failure to charge thereon.

**4.—Same—Argument of Counsel—Bill of Exceptions.**

Where, upon appeal from a conviction of burglary, the objection to the argument of counsel was not reserved by bill of exceptions, there was no error.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was indicted and convicted for burglarizing the house of Buford Taylor, in Bexar County, on or about May 3, 1910, and his punishment assessed at three years confinement in the penitentiary.

1. By appellant's motion for a new trial he contends that the verdict and judgment of conviction are contrary to and unsupported by the evidence in that there was no evidence showing or tending to show that the house of said Taylor was broken and entered by the appellant.

The evidence shows that about three o'clock on the date the appellant is charged with the burglary, a negro man suiting his description was seen by one of the lady neighbors of Taylor, who lived in a house only about twenty-five feet from his, to enter the yard of Taylor and go to the back part of his house. There was no one in the house at that time, and Taylor when he left it in the morning had it all closed up. This lady watched this negro for some time to see whether he returned from the back part of the premises, he being out of her sight when there. After waiting a short time and he did not return, she, knowing that no one was at the house, went into her yard so that she could see this negro. When she got where she could see him he was working with the closed blinds. She thereupon went to a phone and phoned to an officer. Another lady neighbor thereupon also telephoned to the said Taylor, who was at his store, about eight blocks from this burglarized house. He also immediately phoned a policeman, and hitched up his horse to his buggy as quick as possible and rapidly drove towards his house. When arriving close to it some lady neighbor pointed out the appellant to said Taylor and told him, "There he goes." Taylor at once started to where the appellant was walking away, and upon reaching him found that he had a pistol and a pair of shoes which had been taken out of his house. He thereupon called to the appellant to give him back his pistol and shoes. The negro then pitched the pistol and shoes into said Taylor's buggy and ran, running across a park. Taylor and the policeman then took after the appellant, they in the buggy and he running across the park, and the backyards of other persons, escaped, and was not then caught nor arrested. He was clearly identified, however, as the party who pitched the pistol and shoes in Taylor's buggy and ran at the time. He was not arrested until a week or ten days later. The testimony further shows that when Taylor returned to his house he found that someone had broken into a back window by tearing away the blinds and a screen, and in that way and through this window had effected an entrance to his house. All of the drawers in various articles of furniture of the house had been pulled out and various articles strewn about the floor. The pistol and shoes were taken out of the house at the time whoever it was effected this entrance. The appellant made no explanation about his possession of the pistol and pair of

shoes when first accosted thereabout by said Taylor, the owner, but pitched them into the buggy at once and ran to escape arrest.

The court correctly charged on burglary, theft, alibi, this apparently being appellant's defense, presumption of innocence, reasonable doubt, and also on circumstantial evidence. We, therefore, hold that the evidence is amply sufficient to sustain the conviction.

2. The second ground of appellant's motion for a new trial is as follows:

"Because the court erred in the first paragraph of his charge, which is as follows:

"In this case the defendant stands charged by second count of the indictment alone submitted, with the offense of burglary alleged to have been committed in the daytime, with intent to commit the crime of theft, in the county of Bexar, State of Texas. To this charge the defendant has pleaded 'not guilty.'"

He does not attempt to show wherein this short paragraph of the court's charge was erroneous. We see no error therein even when taken alone, and there is none either taken alone or in connection with the whole charge of the court.

3. The next ground of complaint is that the court failed and refused to charge on the subject of recently stolen property in the possession of the accused. As stated above, the appellant made no explanation of his possession at the time when first accosted, but instead immediately pitched the stolen articles into the buggy of the owner of the burglarized house and stolen property and ran to prevent arrest and to escape. The facts did not call for a charge on this subject, and would have been inappropriate.

4. The other grounds of complaint are to some remarks of the assistant district attorney in the argument to the jury. These matters are in no way presented by bills of exception and this court can not, therefore, consider these grounds of the motion because they can be presented to this court only by proper bills of exception.

There being no error in the record, the judgment is affirmed.

*Affirmed.*